UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
EMILE PETRUS KOTZE,
Plaintiff,

  v.


NBCUNIVERSAL MEDIA, LLC, a Comcast Company;
BRAVO MEDIA, LLC;
51 MINDS ENTERTAINMENT, LLC;
BANIJAY AMERICAS;
ENDEMOL SHINE NORTH AMERICA, INC.;
WARNER BROS. DISCOVERY, INC.;
MARK CRONIN; COURTLAND COX; LISA LOPEZ;
BRENDA LACY DAVIS; and DOES 1–10, inclusive,

Defendants.

-------------------------------------------------------------x

Case No.: [To be assigned]

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff EMILE PETRUS KOTZE, appearing pro se, respectfully alleges the following:

---

NATURE OF THE ACTION

1.  This is an action for sexual harassment, hostile work environment, retaliation,
    defamation, fraudulent inducement, and maritime employment violations under:
    - Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.);
    - The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of
      2021 (EFAA);
    - The Jones Act (46 U.S.C. § 30104);
    - Common law torts including defamation and intentional infliction of emotional
      distress.
2.  Plaintiff brings this case to hold Defendants accountable for unlawful and abusive
    conduct he endured during and after filming Below Deck Season 3, including filmed
    harassment, reputational destruction, coerced unsafe working conditions, and cover-ups
    by NBCUniversal and its affiliates.

3.  Defendants systematically failed to protect Plaintiff from abuse, manipulated contractual protections, retaliated against him for whistleblowing, and attempted to bind Plaintiff to unenforceable arbitration clauses invalid under federal law.

JURISDICTION AND VENUE

4.  Jurisdiction is proper under 28 U.S.C. § 1331 (federal question jurisdiction) for claims under Title VII, the EFAA, and the Jones Act.
5.  Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b), as NBCUniversal maintains its principal place of business in New York, and key decisions were made within this District.
6.  Supplemental jurisdiction exists over state law claims under 28 U.S.C. § 1367.

PARTIES

7.  Plaintiff EMILE KOTZE is a citizen of South Africa currently residing temporarily in New York.
8.  Defendant NBCUNIVERSAL MEDIA, LLC is a media conglomerate and a subsidiary of Comcast Corporation.
9.  Defendant BRAVO MEDIA, LLC is a cable network under NBCUniversal.
10. Defendant 51 MINDS ENTERTAINMENT, LLC is a production company owned by Banijay Americas.
11. Defendant ENDEMOL SHINE NORTH AMERICA, INC. is a subsidiary of Warner Bros. Discovery.
12. Individual defendants MARK CRONIN, COURTLAND COX, LISA LOPEZ, and BRENDA LACY DAVIS were key producers or executives involved in Below Deck.

FACTUAL ALLEGATIONS

13. Plaintiff participated in Season 3 of the television show Below Deck under false pretenses regarding safety, employment rights, and content use.
14. Plaintiff was sexually harassed, manipulated, and subjected to degrading treatment captured on camera.
15. Complaints to production staff were dismissed and retaliated against.
16. Plaintiff was defamed through edited footage and misrepresented in ways that impacted his livelihood and reputation globally.
17. Working conditions aboard the vessel constituted violations under maritime law and the Jones Act.
18. Plaintiff was fraudulently induced to sign agreements under misrepresented safety, labor protections, and narrative portrayals.

RECENT PRECEDENT SUPPORTING CLAIMS

19. In *McSweeney v. NBCUniversal*, No. 1:23-cv-06571 (S.D.N.Y. Mar. 2025), Judge Lewis Liman denied NBCUniversal's motion to dismiss claims by a reality TV participant under Title VII and the ADA, affirming that media companies can be held liable for hostile environments in unscripted productions.
20. In *Jane Doe v. James Toback*, No. 950180/2022 (N.Y. Sup. Ct. Apr. 2025), a jury awarded $1.68 billion under the Adult Survivors Act, emphasizing that juries will deliver historic damages in cases of institutional sexual abuse.
21. Plaintiff's claims mirror the themes of exploitation, media-enabled abuse, and corporate indifference seen in these cases.

CAUSES OF ACTION

COUNT I — SEXUAL HARASSMENT / HOSTILE WORK ENVIRONMENT
(Violation of Title VII of the Civil Rights Act of 1964)

COUNT II — RETALIATION
(Violation of Title VII and Jones Act)

COUNT III — FRAUDULENT INDUCEMENT
(Common Law)

COUNT IV — DEFAMATION
(Common Law)

COUNT V — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Common Law)

COUNT VI — MARITIME NEGLIGENCE / UNSEAWORTHINESS
(Violation of 46 U.S.C. § 30104)

COUNT VII — DECLARATORY JUDGMENT UNDER EFAA
(9 U.S.C. §§ 401–402, seeking to invalidate arbitration clause)

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a) Award compensatory damages in the amount of $850,000,000; b) Award punitive damages as permitted under law; c) Issue a declaratory judgment voiding the arbitration clause; d) Award

costs, disbursements, and attorneys' fees (if representation secured); e) Grant such other and further relief as the Court deems just and proper.

---

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable.

Dated: June 2, 2025
Respectfully submitted,

---

EMILE PETRUS KOTZE (Pro Se)
Email: emile.kotze@example.com
Tel: (212) 555-1234
Temporary Address: New York, NY 10019