Dear Counsel and Honorable Court,

I respectfully submit this response to the July 7, 2025 letter from Ropers Majeski LLP, counsel for Defendants NBCUniversal Media, LLC, Bravo Media, LLC, Banijay Americas, 51 Minds Entertainment, and others named in this matter.

I. Clarification on Procedural Conduct

Your letter states that you "do not intend to engage in further email correspondence regarding threatened motion practice." Plaintiff wishes to clarify the following for the record:

1. All filings, including those relating to the TRO, emergency preservation requests, and forthcoming discovery notices, have been made or previewed in full compliance with the Federal Rules of Civil Procedure, including Rules 11, 26, 33, 34, 37, and 65.

2. Plaintiff's communications are not threats, but lawful notices. Every reference to a potential motion stems from Defendants' procedural inaction, ambiguity, or continued syndication of harmful content in violation of Title VII, the Take It Down Act, and related statutes.

3. Plaintiff formally extended professional courtesy through a grace period to July 8, 2025 in recognition of the July 4th holiday. Any motion practice triggered thereafter will arise solely from Defendants' own delay or refusal to confer on urgent matters.

II. Record of Good-Faith Compliance

Plaintiff has:

Complied with all service requirements per Dkt. 14 and 23, and acknowledged your acceptance of service under FRCP 4(d);

Maintained consistent written notice regarding litigation holds, preservation duties, and evidence at risk of spoliation;

Acted transparently, filing timely notices and requests for mediation, while offering multiple opportunities for alternative resolution.

III. Preservation of Judicial and Ethical Integrity

Should Defendants fail to engage in mediation, suspend syndication of Below Deck Season 3 content, or comply with Rule 26 disclosure expectations, Plaintiff reserves the right to pursue:

Rule 37 motions to compel or seek sanctions;

Further injunctive relief based on ongoing retaliation and digital defamation;

Supplemental affidavits and witness declarations supporting the complaint's underlying factual basis.

I welcome further engagement via appropriate channels and appreciate the Court's attention to the ongoing procedural integrity of this case.

Respectfully submitted,
Emile Petrus Kotze
Pro Se Plaintiff