UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EMILE KOTZE,

                            Plaintiff,                            25-CV-04703 (JAV)

                -v-                                MEMORANDUM OPINION
                                                      AND ORDER
NBCUNIVERSAL MEDIA, LLC. et al.,

                        Defendants.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff brings this action *pro se*, alleging that Defendants discriminated against him based on his race and sex, in violation of Title VII of the Civil Rights Act of 1964; the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, 9 U.S.C. § 401 ("EFASA"); and the Jones Act, 46 U.S.C. § 30104. Plaintiff also asserts state law claims of defamation and intentional infliction of emotional distress. Plaintiff filed an application for a temporary restraining order and preliminary injunction pursuant to Federal Rule of Civil Procedure 65. ECF No. 5. For the reasons stated below, the application is DENIED.

## BACKGROUND

### A. Factual Allegations

Plaintiff's claims arise out of his appearance in Season 3 of the television show *Below Deck*. According to Plaintiff, he was "sexually harassed, manipulated, and subjected to degrading treatment captured on camera"; "misrepresented, coerced, and racially harassed"; and subjected to "unsafe working conditions." ECF No. 1 ("Compl."), ¶¶ 2,14; ECF No. 7 ("Kotze Decl."), ¶ 2. Plaintiff also avers that Defendants "systematically failed to protect [him] from

abuse, manipulated contractual protections, retaliated against him for whistleblowing, and attempted to bind [him] to unenforceable arbitration clauses invalid under federal law." Compl., ¶ 3.

Plaintiff brings claims for sexual harassment, hostile work environment, and retaliation under Title VII; a separate retaliation claim under the Jones Act; a claim for declaratory judgment under EFASA invalidating an arbitration clause; a maritime negligence claim under 46 U.S.C. § 30104; and state law claims for fraudulent inducement, defamation, and intentional infliction of emotional distress. Compl., ¶ 1.

Although his scant pleading is almost entirely devoid of factual allegations, Plaintiff separately submitted a document entitled "Emile Kotze's Legal Case Against NBC Universal: An Unassailable Claim – Evidence Explained." ECF No. 11. In light of Plaintiff's *pro se* status, the Court will read this document as a supplement to Plaintiff's complaint. Plaintiff states that in 2015, he appeared in season 3 of the show *Below Deck*. *Id.* at 1. Plaintiff alleges that he was induced to participate in the series under the false pretense that it was a documentary about yachting life. *Id.* Plaintiff alleges he was forced into a romantic storyline with another cast member by the producers, with alcohol encouraged to impair consent. *Id.* at 2. Plaintiff further alleges that the show was edited in such a way, including the manipulation of footage, so as to falsely portray him as immature and unprofessional. *Id.* Plaintiff also alleges he was subject to discrimination as an Afrikaner. *Id.* at 3.

**B.   Procedural History**

On May 30, 2025, the Equal Employment Opportunity Commission issued a Notice of Right to Sue. Compl., Ex. 1 ("Right to Sue Notice"). On June 2, 2025, Plaintiff filed this complaint. ECF 1. On June 12, 2025, Plaintiff filed a motion for a temporary restraining order

("TRO") and preliminary injunction, with supporting documents. ECF No. 5 ("Mot. for TRO"), *see also* ECF Nos. 6-8. The motion seeks an order enjoining Defendants from "airing, streaming, promoting, or distributing any content from *Below Deck* Season 3 in which [he] appears." Mot. for TRO at 1. Plaintiff has also filed a motion to expedite review of his motion for a TRO. ECF No. 21.

## DISCUSSION

Injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (per curiam) (cleaned up). In considering an application for a preliminary injunction, the Court must evaluate the plaintiff's showing for "(1) a likelihood of success on the merits," (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in the plaintiff's favor," and (4) "that the public interest would not be disserved by the issuance of [the injunction]." *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010) (quotation marks and citations omitted).

In particular, "[a] showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quotation marks and citations omitted). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm. *Grand River Enter. Six Nations, Ltd v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (cleaned up). The "mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991).

Plaintiff has failed to make the requisite showing that he is entitled to injunctive relief. Plaintiff avers that he will suffer irreparable harm without injunctive relief barring the airing of season 3 of *Below Deck*. ECF No. 6. Yet according to the pleadings, season 3 of *Below Deck* first aired ten years ago, in 2015. "'[I]t is well-established that a court must consider a plaintiff's delay in seeking relief when analyzing whether the plaintiff will suffer irreparable harm in the absence of relief.'" *Kim v. CIMG Inc.*, No. 24 CIV. 7485 (AKH), 2025 WL 833074, at *2 (S.D.N.Y. Feb. 13, 2025) (citation omitted) (holding that three-month delay in bringing suit weighed against grant of injunctive relief). "Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985). Waiting a decade to bring legal action negates any possible urgency to Plaintiff's motion. Any harm to his reputation that Plaintiff would have experienced as a result of the airing of *Below Deck* has already long since occurred. The show's portrayal of Plaintiff has been in the public domain for ten years. Stopping the future airing of *Below Deck* will not put that genie back in the bottle.

Even had Plaintiff met the standards for injunctive relief, the Court would decline to grant it. "As a general matter, the First Amendment forbids the government, including the Judicial Branch, from dictating what we see or read or speak or hear." *Sindi v. El-Moslimany*, 896 F.3d 1, 30 (1st Cir. 2018). An injunction restraining prospective speech is a prior restraint and thus presumptively unconstitutional under the First Amendment. *Alexander v. United States*, 509 U.S. 544, 550 (1993) ("Temporary restraining orders and permanent injunctions—*i.e.,* court orders that actually forbid speech activities—are classic examples of prior restraints."). "The usual rule is that 'equity does not enjoin a libel or slander and that the only remedy for defamation is an action

for damages." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 606 (7th Cir. 2007); *see also Basulto v. Netflix, Inc.*, No. 22-CV-21796, 2023 WL 7129970, at *51-*52 (S.D. Fla. Sept. 20, 2023) (recommending against grant of injunction prohibiting airing of purportedly defamatory movie on Netflix given First Amendment concerns). Certainly at this preliminary stage of this proceeding, where no determination has been made that anything contained in the program constitutes defamation, injunction relief would not be appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for a TRO and a preliminary injunction is DENIED. The Clerk of Court is directed to terminate ECF Nos. 5 and 21.

SO ORDERED.

Dated: July 14, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge