UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
 :
EMILE KOTZE, :
 :
                      Plaintiff, :        25-CV-04703 (JAV)
 :
          -v- :        MEMORANDUM
 :        <u>OPINION AND ORDER</u>
NBCUNIVERSAL MEDIA, LLC, et al., :
 :
                      Defendants. :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

    Plaintiff brings this action *pro se*, alleging that Defendants discriminated against him based on his race and sex, in violation of Title VII of the Civil Rights Act of 1964; the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, 9 U.S.C. § 401 ("EFASA"); and the Jones Act. 46 U.S.C. § 30104. Plaintiff also asserts state law claims of defamation and intentional infliction of emotional distress. Plaintiff now moves to alter or amend judgment of the July 14, 2025 Memorandum Opinion and Order denying his application for a temporary restraining order ("TRO") and preliminary injunction ("PI") (ECF No. 29) pursuant to Federal Rule of Civil Procedure 59. ECF No. 31. For the reasons stated below, the motion is DENIED.

## BACKGROUND

**A.    Factual Allegations**

    Plaintiff's claims arise out of his appearance in Season 3 of the television show *Below Deck*. According to Plaintiff, he was "sexually harassed, manipulated,

and subjected to degrading treatment captured on camera"; "misrepresented, coerced, and racially harassed"; and subjected to "unsafe working conditions." ECF No. 1 ("Compl."), ¶¶ 2, 14; ECF No. 7 ("Kotze Decl."), ¶ 2. Plaintiff also avers that Defendants "systematically failed to protect [him] from abuse, manipulated contractual protections, retaliated against him for whistleblowing, and attempted to bind [him] to unenforceable arbitration clauses invalid under federal law." Compl., ¶ 3.

Plaintiff states that in 2015, he appeared in season 3 of the show *Below Deck*. ECF No. 11 at 1. Plaintiff alleges that he was induced to participate in the series under the false pretense that it was a documentary about yachting life. *Id*. Plaintiff alleges he was forced into a romantic storyline with another cast member by producers, with alcohol encouraged to impair consent. *Id*. at 2. Plaintiff further alleges that the show was edited in such a way, including the manipulation of footage, so as to falsely portray him as immature and unprofessional. *Id*. Plaintiff also alleges he was subject to discrimination as an Afrikaner. *Id*. at 3.

**B.   Procedural History**

On June 12, 2025, Plaintiff filed a motion for a TRO and PI, with supporting documents. ECF No. 5 ("Mot. For TRO"), *see also* ECF Nos. 6-8. The motion sought an order enjoining Defendants from "airing, streaming, promoting, or distributing any content from *Below Deck* Season 3 in which [he] appears." Mot. for TRO at 1. Plaintiff also filed a motion to expedite review of his motion for a TRO. ECF No. 21.

In a Memorandum Opinion and Order issued on July 14, 2025, the Court denied the motion for a TRO. ECF No. 29. The Court held that, with respect to irreparable harm, Plaintiff's delay of ten years in bringing this action undermined the urgency of his motion. *Id.* at 4. The Court also noted that there were significant First Amendment concerns with respect to his requested relief. *Id.* at 4-5.

On July 14, 2025, Plaintiff filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). ECF No. 31.

## LEGAL STANDARD

Although Plaintiff invokes Rule 59(e), the Court construes *pro se* Plaintiff's motion as a motion for reconsideration under S.D.N.Y. Local Rule of Civil Procedure 6.3. The standard of review under Rule 59(e) is "identical" to those for motions for reconsideration under Local Civil Rule 6.3. *See Ramirez v. United States,* Nos. 05 Civ. 4179 (SAS), 07 Civ. 459(SAS), 2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013). Reconsideration of the Court's orders is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 1766225, at *1 (E.D.N.Y. June 26, 2025).

A party may move for reconsideration "when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for consideration must be denied." *Mikol v. Barnhart*, 554 F. Supp. 2d 498. 500 (S.D.N.Y. 2008).

## DISCUSSION

Plaintiff has failed to meet the strict standard for seeking reconsideration of the Court's July 14 Memorandum Opinion and Order. Plaintiff largely repackages the same facts asserted in the original motion for a TRO. *Compare* ECF No. 31 at 2 *with* ECF No. 6. Particularly, Plaintiff asserts that his "likeness and storyline continue to stream in 2025" and that he experiences "renewed reputational harm, retraumatization and emotional distress" as a result. ECF No. 31 at 2. While these statements are described as "newly presented facts," *id.*, these were the same arguments he advanced in support of his motion for a TRO. *See, e.g.*, ECF No. 6 ("Plaintiff has presented screenshot evidence of current online harassment due to the rebroadcast of Season 3. Continued airing causes psychological harm, reputational injury, and ongoing trauma."); ECF No. 7 ("I am suffering renewed online harassment as a result of the Defendants' continued streaming of Season 3. . . . These comments

prove the show is actively damaging my public image and mental health. Every rebroadcast reopens trauma and exposes me to ridicule and harassment.").

Plaintiff was also unable to point to any controlling authority that the Court overlooked. Plaintiff cites *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557 (1980), for the proposition that *Below Deck* "is not expressive speech protected under the First Amendment." ECF No. 31 at 3. *Central Hudson* does not support Plaintiff's argument. *Central Hudson* holds that commercial speech is subject to First Amendment protections, although to a lesser extent than other constitutionally guaranteed expression. 447 U.S. at 561-62. *Below Deck* is not commercial speech. "The 'core' notion of commercial speech is speech which does 'no more than propose a commercial transaction." *Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 93 (2d Cir. 2010) (cleaned up). *Below Deck* is a television program, not an advertisement or other form of commercial speech.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the denial of his application for a TRO and a preliminary injunction is DENIED. The Clerk of Court is directed to terminate ECF No. 31.

SO ORDERED.

Dated:  August 6, 2025
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge