# Motion for Status Update, Reconsideration, and Temporary Restraining Order

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

**Emile Petrus Kotze**, Plaintiff

v.

**NBCUniversal Media, LLC; Comcast Corporation; Bravo Media, LLC; STX Minds Entertainment, LLC; Banijay Americas, Inc.; Endemol Shine North America, Inc.; Warner Bros. Discovery, Inc.; Bravo Media, LLC (EIN: 90‑1234567); and individual defendants**, Defendants.

Case No. 1:25‑cv‑04703 (JAV)

### PLAINTIFF'S MOTION FOR STATUS UPDATE, RECONSIDERATION, AND RENEWED TEMPORARY RESTRAINING ORDER

Pro se Plaintiff **Emile Petrus Kotze** respectfully moves this Court for (1) a status update and scheduling order concerning his pending motions for a temporary restraining order (TRO) and preliminary injunction, (2) reconsideration of the Court's prior denial of emergency relief, and (3) entry of a narrow TRO and preliminary injunction enjoining the continued broadcast, streaming, and promotion of *Below Deck* Season 3 episodes featuring Mr. Kotze. The requested relief is supported by newly enacted law—the **TAKE IT DOWN Act**—and additional evidence demonstrating ongoing harm. Plaintiff submits this memorandum of law and the attached supporting Memorandum on the Take It Down Act (filed herewith) in support of his motion.

### I. Background

1. **Case Summary.** Mr. Kotze filed this action on June 2, 2025, asserting claims under Title VII, maritime law, New York privacy statutes, and other torts. He alleges that Defendants filmed him in 2015 aboard a yacht during production of *Below Deck* Season 3 and that producers manipulated his portrayal to construct a sexualised narrative without his consent. In 2025 Defendants resumed distributing and promoting Season 3 across

    multiple streaming platforms, resulting in new audiences and renewed harassment.

2. **Prior Emergency Motions.** On June 26, 2025 Mr. Kotze filed an emergency motion for a TRO and preliminary injunction (ECF Nos. 5–8) seeking to halt all broadcast and streaming of Season 3. He filed a motion for reconsideration on July 14, 2025 (ECF No. 31). The Court denied the TRO on July 14 and denied reconsideration on August 6, 2025, citing the ten-year gap between the original airing and suit and First Amendment concerns[brownsims.com](brownsims.com).

3. **Renewed Motion and Additional Evidence.** On August 20, 2025 Plaintiff filed a third motion for reconsideration (ECF No. 60) and an accompanying memorandum of law (ECF Nos. 61 and 61.1), which remains pending. Since that filing, Plaintiff has gathered further evidence showing that Defendants continue to promote and monetise Season 3 using his name and likeness, including targeted email campaigns and advertisements highlighting episodes titled "My Dearest Emile" and other segments featuring him. These campaigns demonstrate ongoing, not historical, exploitation and support the need for immediate injunctive relief.

4. **New Law – TAKE IT DOWN Act.** On May 19, 2025, Congress enacted the **TAKE IT DOWN Act** (Public Law 119-12) to combat the publication of nonconsensual intimate visual depictions. The Act requires platforms that host user-generated content to establish a notice-and-takedown process whereby individuals may request removal of nonconsensual intimate material. Upon receiving a valid request, the platform must remove the depiction within forty-eight (48) hours and make reasonable efforts to eliminate identical copies. Failure to comply constitutes an unfair or deceptive act enforceable by the Federal Trade Commission. Although Defendants operate commercial television networks rather than user-generated platforms, the Act reflects a heightened public policy against the continued dissemination of nonconsensual intimate content and underscores the urgency of removal once a victim objects.

**II. Argument**

1. **The TAKE IT DOWN Act Constitutes New Legal Authority Justifying Reconsideration.** A motion for reconsideration may be granted where the moving party identifies new controlling law or evidence that could reasonably alter the Court's prior decision. The **TAKE IT DOWN Act** was enacted after Plaintiff's initial TRO motion and directly addresses the type of harm alleged. The Act imposes a 48-hour takedown requirement on platforms for nonconsensual intimate depictions and treats noncompliance as an unfair trade practice. While Defendants may not fall squarely within the Act's "covered platform" definition, the statute expresses Congress's recognition that individuals like Mr. Kotze suffer ongoing injury when intimate content remains publicly available without consent. This new federal policy supports the Court's reconsideration of the balance of equities and the need for an injunction.

2. **Ongoing Harm Warrants Immediate Injunctive Relief.** The irreparable harm requirement for a TRO is satisfied where dissemination of private or defamatory content causes continuing reputational, emotional, and economic injury. Mr. Kotze has provided declarations and exhibits showing that each re-streaming of Season 3 triggers new waves of online harassment and jeopardises his professional opportunities. The harm is not confined to the past; it recurs whenever the episodes are promoted to new audiences. Monetary damages cannot adequately compensate for the loss of dignity and privacy, and the First Amendment does not protect the commercial exploitation of a person's likeness for profit, particularly where the content is manipulated and nonconsensual.

3. **The Relief Sought is Narrow and Tailored.** In response to the Court's concerns about overbreadth, Plaintiff now seeks a tailored injunction limited to the suspension of broadcast, streaming, and promotion of *Below Deck* Season 3 episodes featuring him until the merits are adjudicated. He does not seek to restrain news reporting or commentary about the show. This narrow relief targets the ongoing commercial use of his likeness and does not restrict expressive speech.

4. **A Status Conference and Scheduling Order Are Necessary.** Despite the pendency of Plaintiff's renewed motion since August 2025, no conference or briefing schedule has been set. Given the time-sensitive nature of the harm, Plaintiff respectfully requests that the Court convene a status conference and set deadlines for ruling on the TRO and reconsideration motions.

## III. Requested Relief

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Provide a status update and schedule a conference to address the pending motions.

2. Reconsider its prior denial of emergency relief in light of the TAKE IT DOWN Act and the new evidence of ongoing harm.

3. Issue a temporary restraining order and preliminary injunction enjoining Defendants from broadcasting, streaming, distributing, or promoting *Below Deck* Season 3 episodes featuring Plaintiff, pending final resolution of this action.

4. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

*Emile Petrus Kotze*
Plaintiff, Pro Se