UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EMILE KOTZE,

                      Plaintiff,                      25-CV-04703 (JAV)

       -v-                                          MEMORANDUM
                                               OPINION AND ORDER
NBCUNIVERSAL MEDIA, LLC. et al.,

                      Defendants.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Plaintiff brings this action *pro se*, alleging that Defendants discriminated against him based on his race and sex, in violation of Title VII of the Civil Rights Act of 1964; the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, 9 U.S.C. § 401 ("EFASA"); and the Jones Act, 46 U.S.C. § 30104. Plaintiff also asserts state law claims of defamation and intentional infliction of emotional distress.

      At the outset of this case, Plaintiff filed an application for a temporary restraining order ("TRO") and a preliminary injunction ("PI") pursuant to Federal Rule of Civil Procedure 65. That motion was denied. ECF No. 29. Plaintiff then sought reconsideration of that decision, which was also denied. ECF No. 48.

      Plaintiff has now filed three additional motions for reconsideration of the denial of his TRO and PI pursuant to Federal Rule of Civil Procedure 59(e) and

Local Rule of Civil Procedure 6.3, as well as two renewed applications for a TRO. ECF Nos. 60-61, 69, 71-73. For the reasons stated below, the motions are DENIED.

## BACKGROUND

### A.   Factual Allegations

Plaintiff's claims arise out of his appearance in Season 3 of the television show *Below Deck*. According to Plaintiff, he was "sexually harassed, manipulated, and subjected to degrading treatment captured on camera"; "misrepresented, coerced, and racially harassed"; and subjected to "unsafe working conditions." ECF No. 1 ("Compl."), ¶¶ 2, 14; ECF No. 7 ("Kotze Decl."), ¶ 2. Plaintiff also avers that Defendants "systematically failed to protect [him] from abuse, manipulated contractual protections, retaliated against him for whistleblowing, and attempted to bind [him] to unenforceable arbitration clauses invalid under federal law." Compl., ¶ 3.

Plaintiff states that in 2025, he appeared in Season 3 of the show *Below Deck*. ECF No. 11 at 1. Plaintiff alleges that he was induced to participate in the series under the false pretense that it was a documentary about yachting life. *Id*. Plaintiff alleges he was forced into a romantic storyline with another cast member by producers, with alcohol encouraged to impair consent. *Id*. at 2. Plaintiff further alleges that the show was edited in such a way, including the manipulation of footage, so as to falsely portray him as immature and unprofessional. *Id*. Plaintiff also alleges he was subject to discrimination as an Afrikaner. *Id*. at 3.

B.  **Procedural History**

On June 12, 2025, Plaintiff filed a motion for a TRO and PI, with supporting documents.  ECF No. 5; *see also* ECF Nos. 6-8.  The motion sought an order enjoining Defendants from "airing, streaming, promoting, or distributing any content from *Below Deck* Season 3 in which [he] appears."  ECF No. 5 at 1.  Plaintiff also filed a motion to expedite review of his motion for a TRO.  ECF No. 21.

In a Memorandum Opinion and Order issued on July 14, 2025, the Court denied the motion for a TRO.  ECF No. 29.  The Court held that, with respect to irreparable harm, Plaintiff's delay of ten years in bringing this action undermined the urgency of his motion.  *Id.* at 4.  The Court also noted that there were significant First Amendment concerns with respect to his requested relief.  *Id.* at 4-5.

On July 14, 2025, Plaintiff filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  ECF No. 31.  The motion sought an order amending judgment of the July 14, 2025 Memorandum Opinion and Order and granting an injunction "halting further streaming and monetization of Season 3 footage involving Plaintiff."  *Id.* at 3.  Alternatively, the motion asked the Court to schedule an evidentiary hearing to weigh the "new evidence" of harm.  *Id.*

In a Memorandum Opinion and Order dated August 6, 2025, the Court denied Plaintiff's motion for reconsideration of the denial of his application for a TRO and a PI.  ECF No. 48.  The Court concluded that Plaintiff has failed to meet the strict standard for seeking reconsideration, as Plaintiff "largely repackages the same facts

3

asserted in the original motion for a TRO" and failed to identify any controlling authority that the Court has overlooked. *Id.* at 4-5.

On August 20, 2025, Plaintiff filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and S.D.N.Y. Local Rule of Civil Procedure 6.3, with a supporting memorandum of law and exhibits. ECF Nos. 60-61. On September 15, 2025, Plaintiff filed a notice of motion for reconsideration and renewed TRO or PI, in which Plaintiff also requested this Court to set an expedited briefing and hearing schedule on the renewed motion. ECF No. 69. And on September 25, Plaintiff filed yet another motion for reconsideration and another renewed motion for a TRO. ECF No. 71

## LEGAL STANDARD

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000) (cleaned up). A motion for reconsideration must be made "within 14 days after the entry of the court's order being challenged." S.D.N.Y. Loc. R. 6.3.[1] A party may move for reconsideration "when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (quotations and citation omitted). "Where the movant fails to show that any

---

[1] Although Plaintiff cites Rule 59(e), that Rule applies only to motions to alter or amend an order or judgment from which an appeal lies. *See, e.g., McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 396-97 (S.D.N.Y. 2018).

4

controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for consideration must be denied." *Mikol v. Barnhart*, 554 F.Supp.2d 498, 500 (S.D.N.Y. 2008) (citation omitted).

A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).  Particularly, this Court is reluctant to permit Plaintiffs to assert new causes of action in motions for reconsideration.  *See Wood v Mut. Redevelopment Houses, Inc.*, 14 Civ. 07535 (AT) (DCF), 2017 WL 11589600, at *10 (S.D.N.Y. Mar. 1, 2017) (citation omitted). Whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d. 52, 61 (2d Cir. 2009) (cleaned up).

Additionally, Plaintiff "is entitled to a single motion for reconsideration." *Sussman Sales Co., Inc. v. VWR Int'l, LLC*, No. 20 CIV. 2869 (JHR), 2025 WL 1004729, at *4 (S.D.N.Y. Apr. 1, 2025) (quotations and citation omitted); *see also Guang Ju Lin v. United States*, Nos. S3 09-CR-746 (SHS), 13-CV-7498 (SHS), 2015 WL 747115, at *2 (S.D.N.Y. Feb. 18, 2015).

## DISCUSSION

Plaintiff's duplicative motions for reconsideration are denied as successive and untimely.  To the extent the motions seek reconsideration of the Court's July 14

denial of his TRO application, they were filed long after the 14-day time limit. *McGraw-Hill*, 293 F. Supp. 3d at 397 ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion."). To the extent Plaintiff is filing a motion for reconsideration of the Court's denial of his motion for reconsideration, such successive motions are procedurally improper. *Sussman Sales*, 2025 WL 1004729, at *4. The Court therefore denies Plaintiff's motions for reconsiderations on procedural grounds.

The Court further notes that, even were it to reach the merits of these motions, they do not meet the strict standard for reconsideration. The motions fail to provide new evidence, fail to identify any controlling authority that the Court has overlooked, and attempt to assert a new cause of action that is inappropriate in a motion for reconsideration.

Plaintiff argues that "new evidence" previously unavailable confirms that Defendants and their partners "continue to distribute and promote Season 3 of *Below Deck*" and thus caused ongoing harm to Plaintiff. ECF No. 61 at 3. Further, Plaintiff divides the evidence into three categories: (1) streaming availability, (2) new promotional material featuring Plaintiff, and (3) harassment, professional harm, and emotional toll. *Id.* at 3-4. None of these constitutes new evidence, because Plaintiff has essentially repeated the factual statements he asserted in prior motions. *See, e.g.*, ECF No. 6 ("Continued airing causes psychological harm, reputational injury, and ongoing trauma.'); ECF No. 7 ("I am suffering renewed online harassment as a result of [] Defendants' continued streaming of Season 3.");

6

ECF No. 31 at 2 ("Plaintiff's likeness and storyline continue to stream in 2025 on platforms including Peacock and Apple TV. . . . Each instance of streaming results in renewed reputational harm, retraumatization, and emotional distress[.]"); ECF No. 31-1, ¶ 13 ("The repeated, ongoing digital airing of these episodes constitutes fresh injury each time the content is re-uploaded, streamed, promoted, or referenced[.]").

Plaintiff also fails to show any controlling authority that the Court has overlooked.  The authorities that Plaintiff presents in his motion relate to right of privacy as enshrined in New York Civil Rights Law Sections 50 and 51, ECF No. 61 at 4-6, or to the admittedly inapposite enactment of the TAKE IT DOWN Act in May 2025, ECF No. 73.  Plaintiff, however, did not raise this cause of action in his original complaint or amended complaint.  ECF No. 1 at 3; ECF No. 10 at 2.

The so-called "renewed motion" for a TRO or PI are further denied, for the same reasons set forth in the Court's July 14 and August 6 Opinions.  The authorities cited in Plaintiff's motion papers do not address the timeliness issue or the First Amendment concerns that led the Court to deny Plaintiff's application for a TRO in the first instance.

## CONCLUSION

Plaintiff has now filed eight motions essentially seeking the same relief, with no new facts or intervening change of law.  Although *pro se* litigants are afforded a great deal of latitude, they are not allowed to abuse court processes by continuing to file duplicative motions.  Plaintiff is hereby on notice that, should Plaintiff continue

7

to file duplicative and successive motions, the Court may place limits on Plaintiff's ability to file motions in this matter without prior Court approval. *See George v. New York State Div. of Parole*, 685 F. App'x 30, 31 (2d Cir. 2017) (upholding the imposition of a filing injunction where *pro se* litigant filed five duplicative motions for reconsideration).

For the foregoing reasons, Plaintiff's motions for reconsideration and renewed applications for a TRO are DENIED. The Clerk of the Court is directed to terminate ECF No. 71.

SO ORDERED.

Dated: October 1, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge