UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
EMILE PETRUS KOTZE,            :   Case No. 1:25-cv-04703 (JAV)
            Plaintiff,         :
                               :   LETTER-MOTION TO STRIKE DEFENDANTS'
IMPROPER FILING
            v.                 :   (Dkt. No. 102-1)
NBCUNIVERSAL MEDIA, LLC, et al.,:
            Defendants.        :
---------------------------------X
```

**MEMO ENDORSED**

Plaintiff Emile P. Kotze, proceeding pro se, respectfully moves under Federal Rule of Civil Procedure 12(f) to strike the document at Docket No. 102-1. Defendants' Dkt. 102-1 improperly relies on statements made during confidential settlement negotiations, depicting them as evidence of Plaintiff's misconduct. Such evidence is inadmissible by Rule 408. Fed. R. Evid. 408 explicitly bars using settlement statements "to prove . . . the validity or amount of a disputed claim". Accordingly, those statements can have no legitimate place in this litigation's record.

Rule 12(f) provides that the Court may strike any redundant, immaterial, or impertinent matter from a pleading. The Second Circuit cautions that courts should not "tamper with the pleadings unless there is a strong reason for doing so". Here, however, Plaintiff has demonstrated exactly such a reason: the contested allegations rely entirely on evidence that "could not possibly be admissible at trial". In this District, courts have therefore granted motions to strike allegations based on protected settlement communications. For example, in *My Mavens LLC v. Grubhub, Inc.*, Judge Gardephe struck allegations premised solely on Rule 408 settlement discussions, noting that Rule 408's policy of encouraging frank settlement talks provides a "strong reason" to strike such allegations.

Defendants' filing also violates the Court's rules. To the extent Dkt. 102-1 was intended as a "sur-reply" or similar, it was not filed on consent or with leave, and it attempts to introduce impermissible evidence under the guise of factual assertion. This letter-motion is timely in response to that unauthorized filing.

For these reasons, Plaintiff respectfully requests that the Court strike from the record Docket No. 102-1, or otherwise disregard its inclusion of Rule 408-protected material.

Respectfully submitted,

Emile P. Kotze, Plaintiff pro se

Upon consent of the parties, Plaintiff's motion to strike ECF No. 97-4 (ECF NO. 98) is GRANTED. The motion to strike ECF No. 102-1 is DENIED. ECF No. 102-1 is not inadmissible under Fed. R. Evid. 408, as it was submitted to reflect the meet-and-confer process that took place in connection with the pending motion to dismiss, and not for the purpose of disproving the validity or amount of a disputed claim. The motion for sanctions is likewise DENIED. The Clerk of Court is directed to remove ECF No. 97-4 from the docket. and to terminate ECF Nos. 104 and 105.

Date: December 3, 2025

*Jeannette Vargas*
JEANNETTE A. VARGAS
U.S. DISTRICT JUDGE